IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

GEORGE R. AKINS, )
)
    Plaintiff, )
)
v. ) Case No.: CV-02-PT-0701-M
)
UNUM LIFE INSURANCE COMPANY )
OF AMERICA, et al., )
)
    Defendants. )

FILED
JUN 2 0 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
JUN 2 0 2002

## MEMORANDUM OPINION

This causes comes to be heard on defendant Sara Lee Bakery Group, Inc's ("Sara Lee") Motion to Dismiss the Complaint, in Part, and Motion to Strike Claims for Extra-Contractual Damages or Remedies and Common Law Claims filed on May 9, 2002.

### FACTS[1]

Plaintiff George R. Akins ("Akins") was an employee of the Earthgrains Company. While employed by Earthgrains, Akins was a participant in "The Earthgrains Company Long Term Disability Plan for Salaried Employees and Sales Supervisors" ("the Plan"). Human Resources Committee of the Earthgrains Company is the plan administrator.[2] Defendant UNUM Life Insurance Company ("UNUM") is the plan fiduciary.

Akins accepted long term disability coverage and paid premiums to the Plan. The effective date of the policy was April 1, 1996. In May of 1999, Akins became disabled as a

---

[1] For the purposes of this Memorandum Opinion, the facts alleged by the plaintiff in the complaint will be deemed true and correct.

[2] Sara Lee states that it is incorrectly designated in the complaint as "Human Resources Committee (of the Earthgrains Co.)." In response, Akins points out that his Summary Plan Description, "Your Group Disability Insurance Plan", designates "Human Resources Committee of the Earthgrains Co." as the Plan Administrator. If the Plan Administrator has been changed to Sara Lee, Akins is unaware of such change, and no new Summary Plan Description has been provided in accordance with such change. The court will not decide this issue at this stage.

result of coronary artery disease. He applied for long term disability benefits pursuant to the Plan. The defendants denied Akins coverage under the Plan.

In response, Akins filed a civil action in this court on March 19, 2002. In Count I of the Complaint ("Claim for Benefits Under ERISA"), Akins alleged that the defendants breached the terms of the Plan when he was denied coverage. In Count II of the Complaint ("Breach of ERISA Fiduciary Duties"), Akins alleged that the defendants' conduct breached ERISA fiduciary duties. In Count III ("Liability for Breaches of a Co-Fiduciary"), Akins alleged that defendant UNUM is liable for breaches by the plan administrator, Human Resources Committee of the Earthgrains, because UNUM participated knowingly or undertook to conceal the breaches. In Count IV ("Breach of Contract"), Akins alleged that in the event UNUM or the plan administrator is found not to have been engaged in ERISA regulated conduct, these parties breached the contract to secure long term disability coverage for Akins.

## ARGUMENTS

Sara Lee moves this court for an order (1) dismissing Counts II, III, and IV of Akin's complaint on the grounds that these claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and (2) striking Akin's claims for extra-contractual damages.

In addressing the motion to dismiss, Sara Lee argues that Akin's common law claims for breach of fiduciary duty (Counts II and III) and contract (Count IV) are preempted by ERISA because they relate to an employee welfare plan. *See* 29 U.S.C. § 1144(c). In support of this proposition, Sara Lee relies on *Pilot Life Insurance v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987); *Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995); *and Brown v.*

*Connecticut General Life Insurance Co.*, 934 F.2d 1193, 1996 (11th Cir. 1991).

Turning to its motion to strike, Sara Lee argues that ERISA's civil enforcement provisions only allow a participant "to recover benefits due to him under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Thus, Sara Lee contends that Akin's remedy is limited to benefits due under the terms of the plan; extra-contractual damages or remedies are not available. *See Bishop v. Osburn Transp., Inc.*, 838 F.2d 1173 (11th Cir. 1988). Consequently, it claims that Akin's request for compensatory damages or other extra-contractual damages are due to be stricken from the complaint.

In response, Akins asserts that Count II, Breach of ERISA Fiduciary Duty, is specifically authorized under 29 U.S.C. §§ 1132(a)(2), (3). According to Akins, this section provides that a beneficiary can bring a civil action under 29 U.S.C. § 1109. He asserts that the following language of 29 U.S.C. § 1109 provides for liability for breach of fiduciary duty:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this Title shall be personally liable to make good to such plan any losses to the Plan resulting from such breach, and to restore to such Plan any profits of such fiduciary which have been made through the use of assets of the Plan by the fiduciary, and shall be subject to such other equitable remedial relief as the Court may deem appropriate, including removal of such fiduciary . . . .

Based on the language of this statute, Akins concludes that Count II states a claim under ERISA that should not be dismissed.

Akins also argues that Count III, Liability for Breach of a Co-Fiduciary, states a claim for liability and should not be dismissed. According to Akin, 29 U.S.C. § 1105(a) provides for liability for breach of a co-fiduciary:

> **Circumstances giving rise to liability.** In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a Plan shall be liable for a breach of a fiduciary responsibility of another fiduciary with

3

respect to the same plan in the following circumstances:

> (1) If he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
> (2) If, by his failure to comply with § 404(a)(1) [29 U.S.C. § 1104(a)(1)] in the administration of specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
> (3) If he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

Since neither UNUM nor Sara Lee have denied that they were fiduciaries under the Plan, Akins concludes that Count III states a claim under 29 U.S.C. § 1105 of ERISA.

Addressing Count IV, Breach of Contract, Akins argues that such a count is allowed pursuant to the "Savings Clause" of ERISA which says "nothing in this Title shall be construed to exempt or relieve any person from any law of any state which regulates insurance." 29 U.S.C. § 1144(b)(2) (A). Akins states that he asserted Count IV in the event that UNUM or Sara Lee are found not to have engaged in ERISA regulated conduct.

Finally, Akins argues that Sara Lee's Motion to Strike portions of his complaint was untimely filed and should be barred. Akins states that Sara Lee was served with the complaint on March 27, 2002. He notes that Rule 12(f) of the Federal Rules of Civil Procedure provides Sara Lee with twenty days after service of the complaint to file a motion to strike. According to Akins, Sara Lee filed its motion after the twenty day time limit on May 9, 2002. Thus, he concludes that Sara Lee's motion is due to be denied.

Sara Lee replies that Akins' breach of fiduciary duty claims are due to be dismissed because he has a remedy under § 502(a)(1)(B) of ERISA. According to Sara Lee, the United States Supreme Court has held that a participant does not have an action for personal recovery

4

based on a breach of fiduciary duty for improper denial of benefits because ERISA provides an express remedy for benefits. *See Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). Sara Lee notes that the Supreme Court has also explained that a remedy for breach of fiduciary duty under ERISA is available only where a participant has no remedy for benefits under the statute's civil enforcement provisions set out at 29 U.S.C. § 1132(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489 (1996). Sara Lee argues that Akins has a potential claim against the defendants for benefits and, accordingly, he cannot also have a claim for breach of fiduciary duty. *Relying on Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 1999).

Sara Lee also argues that Akins' state law breach of contract count is preempted by ERISA and is due to be dismissed for two reasons. First, Sara Lee notes that Akin's complaint is based entirely on his claim that he was wrongfully denied ERISA plan benefits offered to him by his former employer. Sara Lee states that the law is clear that ERISA governs all claims that "relate to" an employee welfare benefit plan. *See Pilot Life Ins. v. Dedeaux*, 481 U.S. 41 (1987). Additionally, Sara Lee points out that the Supreme Court has given the term "relate to" an extremely broad definition. *Id.* at 45-46.

Second, Sara Lee contends that the state law breach of contract count is not saved from ERISA preemption by the "Savings Clause." It notes that the "Savings Clause" exempts from preemption any laws that regulate insurance. *Id.* at 45. It claims that the Supreme Court applies a two-step test for determining whether a state law regulates insurance within the meaning of ERISA's "Saving Clause." According to Sara Lee, the first step is to determine whether under a "common-sense view" the state law regulates insurance. *Id.* at 48. Second, the law must "fall under the 'business of insurance' for purposes of the McCarran-Ferguson Act." *Id.* Sara Lee comments that the state law must satisfy both steps to be safe from preemption. *Relying on*

5

*UNUM Life Ins. Co. v. Ward*, 526 U.S. 358 (1999).

In applying the two-step test, Sara Lee asserts that Alabama's state law breach of contract cause of action is not saved from preemption because it cannot satisfy the McCarran-Ferguson test. According to Sara Lee, the McCarran-Ferguson test is as follows:

> [F]irst whether the practice has the effect of transferring or spreading a policyholder's risk;
>
> [S]econd whether the practice is an integral part of the policy relationship between the insurer and the insured; and
>
> [T]hird whether the practice is limited to entities within the insurance industry.

*Id.* at 48-49. Sara Lee argues that the first criterion is not satisfied because the breach of contract action does not spread risk, as that concept is defined in the Eleventh Circuit, because it does not mandate benefits or expand the services offered by the terms of the applicable plan or contract. *See Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 569 (11th Cir. 1994). It contends that breach of contract claims do not affect or mandate the specifics of coverage available under insurance policies; rather, it only provides the policy holder with a remedy against the insurer. Next, it argues that the second criterion is not met because breach of contract claims do not define the relationship between the insurer and the insured, but declare only whatever terms have been agreed upon in the insurance contract. It claims that breach of contract causes of action do not touch on the bargain between insurers and their insureds. Instead, the insurer/insured relationship is defined by the terms of the insurance contract. *Id.* at 570. Finally, Sara Lee contends that the third criterion is not satisfied because Alabama's breach of contract action is not specifically limited to the insurance industry.

In concluding its reply, Sara Lee addressed Akin's argument that its Motion to Dismiss and Motion to Strike were untimely and due to be denied. Instead of addressing the procedural

technicalities involved, Sara Lee requests that, in the event that the court determines that its Motion to Dismiss and Motion to Strike should be stricken as untimely under Federal Rule of Civil Procedure 12(f), the court deem said motions as alternatively requesting partial summary judgment as to the non-ERISA causes of action and claims for extra-contractual damages.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Usually, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996).

## CONCLUSIONS OF THE COURT

It appears to the court that this a nothing but a garden variety ERISA benefits claim and that said defendant's motion is due to be granted. As to any purported ERISA claim(s) other than a benefits claim, the motion will be granted with leave to amend in ten days if the plaintiff can *in good faith*, allege specific factual basis for such claims other than a denial of benefits. Ultimately the case should be decided on *its law and facts*.

This 20th day of June 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE